## MARY A. ALBRO *vs.* GILMAN JAQUITH.

One servant is not liable to an action by another servant in the employment of the same master for damages occasioned by the negligence of the first in such employment.

ACTION OF TORT, brought against the superintendent of the cotton and woollen mill of the Agawam Canal Company in West Springfield, to recover damages for injuries sustained by the plaintiff, while in the employment of the company, from the escape of gas, occasioned by the negligence, carelessness and unskilfulness of the defendant, in the management of the apparatus and fixtures used in the mill for the purpose of generating, containing, conducting and burning inflammable gas for the lighting of the mill.

The defendant demurred to the declaration, because it set forth no legal cause of action.

*H. Vose*, for the defendant.

*C. A. Winchester*, for the plaintiff. " In law, for every wrong there is a remedy." *Lamb* v. *Stone*, 11 Pick. 532. " Wherever a man receives any hurt through the default of another, though the same were not wilful, yet if it be occasioned by negligence or folly, the law gives him an action to recover damages for the injury so sustained." Bul. N. P. 25. This action is not new in principle, but only in the parties. There is no decision against maintaining such an action. It cannot be said that this risk was taken into consideration by the plaintiff when entering into the employment; for the injury is alleged to have been occasioned by the negligence of the superintendent. As no action will lie by the plaintiff against the company, she is without remedy if this action cannot be maintained. *Albro* v. *Agawam Canal Co.* 6 Cush. 76. *Farwell* v. *Boston & Worcester Railroad*, 4 Met. 59. *Ryan* v. *Cumberland Valley Railroad*, 23 Penn. State R. 387.

MERRICK, J.* The injury to the plaintiff, for which she seeks

---

\* The remaining cases for this term (except when otherwise stated) were argued at Boston in January 1856, before the chief justice and Justices Dewey, Metcalf and Merrick.

redress in this action, is alleged to have been occasioned by the negligence, carelessness and unskilfulness of the defendant in the performance of his duties in the service of the Agawam Canal Company, the common employer of both.   In a former suit prosecuted by her against the company, it was determined that she was not entitled, upon the facts set forth in the declaration in her present action, to recover of them compensation for the damages resulting to her from the negligence and carelessness of another of their servants.   *Albro* v. *Agawam Canal Co.* 6 Cush. 75.   It is therefore apparent that, unless the present action can be maintained, she is wholly without remedy for an admitted injury.   This consideration has been strongly urged upon our attention in her behalf.   And it is undoubtedly of sufficient importance to induce a high degree of caution in examining the legal grounds of the defence which is taken to the present action; although a decision that another party is not liable does not necessarily show the responsibility of the defendant.   For it may often happen that losses may be sustained for which the suffering party can look to no other person for recompense or indemnity.

An agent or servant is always responsible to his principal or employer for the negligent or unfaithful performance of his duty, where loss or damage results from it.   But in reference to third persons there is a qualification of his liability.   There is a well established distinction between nonfeasance and misfeasance. As to the former, which is merely negligence or carelessness in the performance of duty, the responsibility to the principal arises from some express or implied obligation between particular parties standing in privity of law or contract with each other.   In such case the responsibility is commensurate with the obligation assumed.   But this is the extent and limitation of his liability. He is not bound to answer for such violation of duty or obligation, except to those to whom he has become directly bound or answerable for his conduct.   Story on Agency, § 309.

This principle, applied to the facts stated in the declaration, is decisive against the right of the plaintiff to maintain her present action.   No misfeasance or positive act of wrong is charged or

imputed to the defendant. The whole ground of complaint against him is, that, having the care and superintendence of the apparatus and fixtures used in the mill of the Agawam Canal Company, for the purpose of generating, containing and burning inflammable gas, he was negligent, careless and unskilful in the management of them. His obligation to be faithful and diligent in this particular resulted either from an express contract with his principal, or is to be implied from the nature and character of the service in which he was engaged. And because this is the sole origin and foundation of his duty, he is responsible only to the party to whom it was due for the injurious consequences of neglecting it. It is not pretended that he had entered into any stipulation, or made any positive engagement with the plaintiff, in relation to the service which he had agreed to render to their common employer. She therefore can have no legal right to complain of his carelessness or unfaithfulness ; for he had made himself, by no act or contract, accountable to her.

Many of the considerations of justice and policy, which led to the adoption of the general rule, now perfectly well established, that a party who employs several persons, in the conduct of some common enterprise or undertaking, is not responsible to any one of them for the injurious consequences of the mere negligence or carelessness of the others in the performance of their respective duties, have an equal significancy and force, when applied to actions brought for like causes by one servant against another. In the latter, as in the former case, they are presumed to understand and appreciate the ordinary risk and peril incident to the service in which they are to be employed, and to predicate the compensation they are to receive, in some measure, upon the extent of the hazard they assume. The knowledge, that no legal redress is afforded for damages occasioned by the inattention or unfaithfulness of other laborers engaged in the same common work, will naturally induce each one to be not only a strict observer of the conduct of others, but to be more prudent and careful himself, and thus by increased vigilance to promote the welfare and safety of all. *Farwell* v. *Boston & Worcester Railroad*, 4 Met. 49. *King* v. *Boston & Worcester Railroad*, 9 Cush. 112.

9 *

But a more obvious and decisive objection to the maintenance of such actions between these parties is derived from a consideration of the nature of the obligation assumed, and the direct accountability of the servant to his employer for its breach. As the duty to exercise a fit and appropriate degree of care and skill results from their express or implied stipulations with each other, the question, whether the contract they have entered into has been faithfully performed, belongs to the parties who made it, and by whom therefore it is to be definitively settled. Their settlement of it, or, if they have made it the subject of litigation, the judgment rendered in the suit between them, must be final and conclusive. It is in the latter case *res adjudicata*, and the same question of negligence is not open to further inquiry, nor to be made again the subject of legal investigation. " By permitting the action," said Lord Abinger, in the case of *Winterbottom* v. *Wright*, 10 M. & W. 115, which was not dissimilar to the present, " we should be working this injustice, that, after the defendant had done every thing to the satisfaction of his employer, and after all matters between them had been adjusted, and all accounts settled on the footing of their contract, we should subject them to be ripped open." *Demurrer sustained.*